UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

In the Matter of:

Ms. Z Holding LLC,
d/b/a Union Street, f/k/a
Union Street Detroit, LLC,

    Debtor.

_____/

Case No.: 18-51917-mbm
Chapter 11
Hon. Marcie B. McIvor

# MICHIGAN UNEMPLOYMENT INSURANCE AGENCY'S MOTION TO DISMISS CASE

The Michigan Unemployment Insurance Agency (Agency) by its attorneys, Dana Nessel, Attorney General, and Peter T. Kotula, Assistant Attorney General, files this Motion to Dismiss Case as follows:

1. This Motion is brought under 11 §1112(b) of the Bankruptcy Code. A proposed order is attached.

2. Ms. Z Holdings, LLC (Debtor) filed its petition under Chapter 11 of the Bankruptcy Code on August 28, 2018.

3. The business activities of Debtor resulted in liabilities to the Agency for unemployment taxes pursuant to MCL 421.1 *et seq*.

1

4. In response to this bankruptcy petition filed by Debtor, the Agency filed a priority claim under 11 U.S.C. §507(a)(8) in the amount of $14,980.23 and an administrative tax claim, as amended, in the amount of $5,448.07.

5. The Plan of Reorganization was confirmed on May 14, 2019.

6. Debtor was to pay Agency's administrative tax claim when due or no later than the effective date. The effective date was June 10, 2019.

7. The Agency received a check from Debtor for payment of unemployment taxes for 1th quarter 2019 (administrative tax claim) on June 4, 2019, that was returned for insufficient funds on June 12, 2019. This tax quarter remains unpaid in the amount of $3,276.89.

8. The Agency received a check for unemployment taxes in the amount of $2,746.10 for 4th quarter 2018 (administrative tax claim) on March 22, 2019, that was returned from the bank for insufficient funds. A subsequent check was received on March 3, 2019 for $2,746.10 that cleared, but there remains a balance for interest in the amount on $231.79 that remains unpaid.

9. The Agency has not received payment for the 3rd quarter 2018 in the amount of $1,389.39, plus an additional $550.00 in reporting penalty that will be removed after corrected tax report has been filed with the Agency.

10. Debtor was to provide additional information to the Agency to amend its quarterly tax returns from 1st quarter 2017 thru 3rd quarter 2018 (7 quarterly tax reports with missing Social Security numbers – which results in incorrect tax calculation) to include social security numbers for its employees. If unavailable, the Debtor was to file an affidavit indicating the reason for its non-reporting of that information. Neither of these actions have been taken by the Debtor.

11. 28 U.S.C. § 960 provides that "[a]ny officers and agents conducting any business under authority of a United States court shall be subject to all Federal, State and local taxes applicable to such business to the same extent as if it were conducted by an individual or corporation.

12. The Agency's monthly priority tax payments were to begin on the effective date, June 10, 2019, and paid monthly in the amount of $333.23. No post-confirmation payments have been made by the Debtor, which is now three months in arears at $999.69.

13. Based on the foregoing, cause exists for dismissal of this case under 11 U.S.C. § 1112(b)(4)(A) and (b)(4)(E).

14. 11 U.S.C. §1112(b)(4)(A) and (b)(4)(E) state:

(b)(1) Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate. . .

(4) For purposes of this subsection, the term "cause" includes—

(A) substantial or continuing loss to or the diminution of the estate and the absence of reasonable likelihood of rehabilitation;

(E) failure to comply with an order of the court.

15. The Debtor has not complied with the Court's May 14, 2019 order confirming its Chapter 11 plan since it has failed to pay administrative taxes in the amount of $5,448.07 and priority claim plan payments of $999.69 and failed to provide tax information or an affidavit of inability

4

to obtain the information. These factors support that there is no likelihood of rehabilitation.

## RELIEF REQUESTED

WHEREFORE, for these reasons, the Michigan Unemployment Insurance Agency requests that the Court enter an order dismissing the case, the automatic stay be lifted, and the Agency be granted such other such relief that is just and proper.

|  |  |
|---|---|
|  | Respectfully submitted,<br><br>Dana Nessel<br>Attorney General<br><br>*/s/ Peter T. Kotula*<br>Peter T. Kotula (P41629)<br>Assistant Attorney General<br>Attorneys for Michigan<br>Unemployment Insurance<br>Agency<br>3030 W. Grand Blvd., Suite 9-600<br>Detroit, MI 48202 |
| Dated: September 26, 2019 | (313) 456-2200 |